IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID LUNA,

    Petitioner,                                    No. CIV S-05-0624 MCE CMK P

    vs.

W.A. DUNCAN,

    Respondent.                            FINDINGS & RECOMMENDATIONS

        Petitioner, a state prisoner proceeding without counsel, has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. No pleadings other than the in forma pauperis application have been filed by petitioner.[1] On April 12, 2005, the court ordered petitioner to file a petition within thirty days. On August 30, 2006, the court ordered petitioner to show cause why he had failed to comply with the court's April 12, 2005 order. To date, petitioner has not filed a petition, nor communicated in any other way with the court. Accordingly, the court recommends that this petition be dismissed for lack of prosecution.

        The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

---

[1] Because petitioner is suing the warden, the court assumes he meant to file a habeas action.

1

1  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
2  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
3  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
4  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
5  46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
6  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
7  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
8  appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
9  1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
10 follow local rules.  See Ghazali, 46 F.3d at 53.

11         The court also notes that the order to show cause served on plaintiff on August
12 30, 2006, was returned as undeliverable.  It appears that plaintiff has failed to comply with Local
13 Rule 83-182(d), which requires that a party appearing in propria persona inform the court of any
14 address change.

15         Having considered these factors, and in light of plaintiff's failure to file a petition
16 in this action, to respond to the court's order to show cause, and to keep the court appraised of
17 his current address, the court find that dismissal is appropriate.
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

1  IT IS RECOMMENDED that plaintiff's complaint be dismissed without
2  prejudice. See Local Rule 11-110; Fed. R. Civ. P. 41(b).
3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
5  twenty days after being served with these findings and recommendations, plaintiff may file
6  written objections with the court.  The document should be captioned "Objections to Magistrate
7  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
8  within the specified time may waive the right to appeal the District Court's order. See Martinez
9  v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED:  October 27, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE